IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AYINDE MOHN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-21-00336-PRW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiffs, appearing *pro se*, filed their Complaint (Dkt. 1) against the United States on November 10, 2021. Plaintiff Ayinde Mohn has since filed a motion to transfer to the Northern District of Oklahoma (Dkt. 9), as well as a motion for summary judgment (Dkt. 11). To date, however, the United States has not been served as a defendant in accordance with the Federal Rules of Civil Procedure. For the reasons given below, the Court **DENIES** both motions (Dkts. 9, 11).

Under 28 U.S.C. § 1404(a), a district court may transfer an action "[f]or the convenience of the parties and witnesses, [and] in the interest of justice, . . . to any other district or division where it might have been brought." The "party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient."[1] In considering a motion to transfer, courts weigh the following factors:

---

[1] *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)).

the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.[2]

The only reasons Plaintiff gives for transferring the case are (1) that it is "directly related" to a case in the Northern District of Oklahoma[3] and (2) that certain lands relevant to his claims are in that district. But aside from those two reasons, Plaintiff merely quotes the relevant factors without attempting to engage in any analysis regarding how those factors weigh in favor of transferring the case. Even as to the convenience of witnesses, "the most important factor in deciding a motion under § 1404(a)," Plaintiff doesn't "(1) identify the witnesses and their locations; (2) indicate the quality or materiality of the[ir] testimony; and (3) show that any such witnesses were unwilling to come to trial . . . [,] that deposition testimony would be unsatisfactory[,] or that the use of compulsory process would be necessary."[4] The Court liberally construes Plaintiff's *pro se* motion, but it will

---

[2] *Id.*

[3] That case in the Northern District of Oklahoma, *Ayinde Mohn et al. v. United States*, No. 21-CV-530-GKF-CDL, was dismissed with prejudice on June 22, 2022. *See* Order Granting Mot. to Dismiss (Dkt. 8), at 10.

[4] *See Emps. Mut. Cas. Co.* at 1169 (cleaned up); *see also* 15 Charles A. Wright et al., *Fed. Prac. & Proc. Juris.* § 3851 (4th ed. 2022 update) ("If the moving party merely has made a general allegation that necessary witnesses are located in the transferee forum, without identifying them and providing sufficient information to permit the district court to determine what and how important their testimony will be, the motion to transfer should be denied.").

not act as his advocate.[5] Because Plaintiff hasn't carried his burden to show that transfer is warranted under § 1404(a), his motion is denied.

Turning to Plaintiff's motion for summary judgment, the Court considers the motion premature. Plaintiff filed this motion on January 21, 2022, but as mentioned above, he has yet to serve the United States in accordance with the Federal Rules of Civil Procedure. Because the United States hasn't been properly served as a defendant in this case, the Court denies the motion for summary judgment without prejudice—Plaintiff may file his motion again at the appropriate time.[6]

For the reasons given above, the Court **DENIES** the motion to transfer (Dkt. 9) and **DENIES WITHOUT PREJUDICE** the motion for summary judgment (Dkt. 11). Further, the Court hereby **ORDERS** Plaintiffs to show cause in writing on or before April 26, 2023, why this case should not be dismissed for failure to properly serve the United States as a defendant in accordance with the Federal Rules of Civil Procedure. If Plaintiffs do not show good cause on or before April 26, 2023, the case will be dismissed without prejudice.

---

[5] *Cf. Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *See Groves v. Slager*, No. 4:09-CV-0198, 2009 WL 613588, at *1 (M.D. Pa. Mar. 6, 2009) ("Because the motion [for summary judgment] was filed . . . before service of process upon the Defendants, the Court will deny the motion as premature without prejudice to Plaintiff's raising the motion again at the appropriate time."); *Mann v. Ameris Bank*, No. 7:16-CV-146 (WLS), 2017 WL 6629261, at *1 (M.D. Ga. May 11, 2017) ("Plaintiff filed several motions for summary judgment against Defendant prior to service. . . . In a November 8, 2016 Order, the Court found that the motions were premature and denied them as moot. . . . The Court further ordered Plaintiff to serve process on Defendant in accordance with the Federal Rules of Civil Procedure no later than Monday, November 21, 2016.").

**IT IS SO ORDERED** this 28th day of March 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE