IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AYINDE MOHN, *et al.*,   ) | |
| ) | |
| Plaintiffs,   ) | |
| ) | |
| v.   ) | Case No. CIV-21-00336-PRW |
| ) | |
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Defendant.   ) | |

# **ORDER**

On March 28, 2023, the Court ordered Plaintiffs to show cause on or before April 26, 2023, why this case should not be dismissed for failure to properly serve the United States as a defendant (Dkt. 14). The Court further instructed Plaintiffs that if they failed to show good cause on or before April 26, the case would be dismissed without prejudice. To date, however, the United States has not been served as a defendant and Plaintiffs have not responded to the Court's order to show cause.[1]

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The problem here is that the defendant has yet to be served. But "[a]lthough the language of Rule 41(b) requires that the defendant file a

---

[1] The Court mailed its show-cause order to Plaintiffs' last known address given to the Court, but the order returned as undeliverable (Dkt. 15). Under LCvR 5.6(a), Plaintiffs were required to notify the Court of any change of address, and "[p]apers sent by the Court will be deemed delivered if sent to the last known address given to the Court."

1

motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."[2] Moreover, "[t]he 'authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' . . . [D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."[3]

By failing to show cause and serve the United States, Plaintiffs have failed to prosecute this action and to comply with the Court's Order (Dkt. 14). Consequently, pursuant to both Rule 41(b) and its inherent powers to manage its caseload so as to achieve the orderly and expeditious disposition of cases, the Court sua sponte **DISMISSES** Plaintiffs' case without prejudice.

**IT IS SO ORDERED** this 28th day of April 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[2] *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

[3] *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (quoting *Link*, 370 U.S. at 630–31).